Vermont Superior Court
Filed 01/12/26
Washington Unit

VERMONT SUPERIOR COURT
Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 25-CV-05157

## Rob LaClair v. Jay Milne

## ENTRY REGARDING MOTION

Title:        Motion to Amend Complaint  (Motion: 2)
Filer:        Stephen J. Craddock
Filed Date:   December 10, 2025

The motion is GRANTED.

The right to amend a complaint is vested in the discretion of the trial court, but it is discretion that must be exercised consistent with the "Vermont tradition of liberally allowing amendments to pleadings where there is no prejudice to the other party." *Colby v. Umbrella, Inc.*, 2008 VT 20, ¶ 4.

In this case, Plaintiff LaClair seeks to add a claim of judicial dissolution under 11 V.S.A. § 4101(a)(5).  Defendant Milne opposes this amendment by claiming that the alleged actions do not constitute oppressive actions or violations of fair dealing between the parties.  To this, Defendant relies upon the Vermont Supreme Court's recent decision on judicial dissolution. *Hirchak v. Hirchak*, 2024 VT 81, ¶¶ 18–21.  In *Hirchak*, the Vermont Supreme Court looked at the question of identifying oppressive action in the context of Section 4101(a)(5).  Id. at ¶ 18. The Court's analysis did not adopt a particular test, but it noted that the majority of jurisdictions had adopted either a "reasonable expectations test" or a "fair-dealings test."  Id.  The Court noted that both tests had substantial overlap.  The major distinction lay with their perspective as the fair dealings test took the perspective of the minority shareholder, and the reasonable expectations test took that of the majority shareholders.  Id.

In the end, the Court did not decide which test to apply as the facts of *Hirchak* demonstrated that the claims would fail either test.  Id. at ¶ 19.  As the remainder of the Court's analysis demonstrates, the question of whether a judicial dissolution claim fails or succeeds is largely an issue of fact and requires findings to determine not only the nature of the alleged actions but details of the nature of the parties' relationship, the expectations of the shareholders, and the nature of the parties' business and investments.  Id. at ¶ 20.

In this case, Plaintiff LaClair has alleged that Defendant's occupancy of a portion of the company's commercial property without paying rent is oppressive. He has also contended that Defendant Milne's refusal to accept a bid from a seller constituted oppressive action. Defendant contends that neither action rises above normal business disputes. These are both factual contentions that will require development and are not to the point where the Court can find the matter undisputed. In addition, the facts indicate that the parties are equal owners of the business, which means that Defendant's actions are neither the actions of the majority, and that Plaintiff is not a disaffected minority shareholder. Given these facts, the Court can understand Plaintiff's amended complaint as giving rise to a valid claim that Defendants actions have caused substantial losses or a stalemate in the business that are either oppressive or harmful to Plaintiff. 11 V.S.A. § 4101(a)(5)(B).

The Court is further guided by the language of Section 4101(b), which states that in an action brought under Section 4104(a)(5), "the Court may order a remedy other than dissolution." 11 V.S.A. § 4101(b). This provision indicates that the oppressive or disputed conduct may not rise to the level of requiring dissolution, but it may be a dispute that requires some judicial relief that balances the functions of the corporation and resolves the dispute or stalemate.

For these reasons, the Court finds that Plaintiff has met his burden to establish a basis for the proposed amendment, and the Court **Grants** the motion to amend. Defendant shall have 21 days from the date this Order is issued to file an amended answer. The Court will set this matter for a preliminary status conference in 30 days to determine if early mediation or limited discovery is warranted in this case as a preliminary step.

**So Ordered.**

Electronically signed on 1/9/2026 7:14 PM pursuant to V.R.E.F. 9(d)

_____
Daniel Richardson
Superior Court Judge